**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARY MACAULAY, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:21-cv-00476-SRC |
| ST. LOUIS BOA BLAZA, LLC, et al., | ) |
| Defendant(s). | ) |

**Memorandum and Order**

The Court considers Plaintiff Mary Macaulay's Motion to Remand. Doc. 10. Defendants St. Louis BOA Plaza, LLC and Jones Lang LaSalle Americas, Inc. oppose the Motion. Doc. 11. For the reasons set forth below, the Court denies Macaulay's Motion to Remand.

**I.   Background**

Macaulay filed a four-count petition against Defendants in the Circuit Court for the City of St. Louis. Doc. 4. Her petition alleges that she sustained significant injuries in August 2018 when she tripped and fell in the lobby of the Bank of America Plaza. *Id.* at ¶¶ 2, 7–8. According to Macaulay, she entered the building through the revolving doors at the main entrance and immediately tripped over a rug that was not laying flat on the floor of the lobby. *Id.* at ¶ 7. The resulting fall seriously injured her right hip, "necessitating surgical intervention and a complete hip replacement." *Id.* at ¶ 8. Macaulay asserts premises liability and negligence claims against both Defendants. *Id.* at ¶¶ 13–36. She alleges that BOA Plaza is the owner of the building in question and that Jones Lang LaSalle managed the property. *Id.* at ¶¶ 2–4.

In April 2021, Defendants removed the case to this Court on the basis of diversity jurisdiction and then filed their Answers to Macaulay's Petition. Docs. 1, 6–7. Macaulay timely

filed a Motion to Remand on May 23, 2021, urging that diversity jurisdiction is inappropriate because Defendants did not establish the diversity of the parties in their Notice of Removal. Doc. 10 at ¶¶ 10–11 (citing Doc. 1).  Defendants filed a Response in Opposition to Macaulay's Motion, Doc. 11, but Macaulay did not file a reply.

**II.     Standard**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  "Federal courts are to resolve all doubts about federal jurisdiction in favor of remand and are strictly to construe legislation permitting removal."  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quotation marks omitted).  But when a federal court does have jurisdiction over a case properly before it, it has a "virtually unflagging obligation to exercise it."  *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) (en banc) (internal quotation marks omitted) (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

**III.    Discussion**

Macaulay claims that Defendants failed to carry their burden of establishing diversity jurisdiction because their Notice of Removal contains only "conclusory allegations" of Defendants' citizenship "without any factual support."  Doc. 10 at ¶¶ 4, 6–7.  Under 28 U.S.C. § 1332, federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates."

Contrary to Macaulay's argument, "[a] defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal unless the plaintiff or the court questions the defendant's claim of jurisdiction." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)). All that is required of the notice of removal under 28 U.S.C. § 1446(a) is "a short and plain statement of the grounds for removal[.]" *Id.*; *Fenlon v. Burch*, 2015 WL 928558, at *2 (E.D. Mo. Mar. 4, 2015). "[A] defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Cherokee*, 574 U.S. at 89. "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 87.

"To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351, at *2 (E.D. Mo. Nov. 17, 2014). "A corporation's citizenship is determined by its state of incorporation and its principal place of business." *Id.* Meanwhile, a limited liability company's citizenship "is determined by the citizenship of all of its members." *Id.*; *see also City of Webster Groves, MO v. CCATT LLC*, 2019 WL 4169848, at *2 (E.D. Mo. Sept. 3, 2019).

Defendants adequately pleaded the existence of complete diversity in their Notice of Removal. Doc. 1 at ¶ 4. Defendants alleged that "Jones Lang LaSalle Americas, Inc. is a Maryland corporation with its principal place of business in Illinois, and therefore is and was a citizen and domiciliary of the States of Maryland and Illinois at all relevant times." Doc. 1 at ¶ 4. Defendants then alleged that BOA Plaza "is a limited liability company whose members are all citizens and domiciliaries of California," so it "is and was a citizen and domiciliary of the

3

State of California at all relevant times." Doc. 1 at ¶ 4.  They also alleged that "[n]o defendant is a citizen or domiciliary of the State of Missouri," while Macaulay herself is indisputably a citizen of Missouri.  *Id.*  These allegations are sufficient to establish that the parties are diverse, especially since Macaulay does not actually dispute any of the facts alleged in the Notice of Removal.  Doc. 10 at ¶ 10.

Moreover, Defendants presented additional unrefuted evidence of the parties' diverse citizenship.  Although the Court's subject-matter jurisdiction "is measured at the time of removal, that only means that facts arising subsequent to removal have no bearing on a court's jurisdictional determination."  *Pudlowski*, 829 F.3d at 964.  Defendants may still present affidavits or declarations supporting the allegations in their Notice of Removal.  *Id.* at 964–965 (district courts may not disregard post-removal evidence provided by the parties in deciding on a motion to remand).  Here, Defendants presented sworn affidavits supporting their jurisdictional allegations.  Docs. 11-1 (state of incorporation and principal place of business of Jones Lang LaSalle), 11-2 (state citizenship of both members of BOA Plaza).  Thus, the parties in this case satisfy the complete-diversity requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

Macaulay also briefly mentions that Defendants' allegations on the amount in controversy are "conclusory."  Doc. 10 at ¶ 4.  The Court finds this assessment inaccurate.  The Notice of Removal contains multiple specific factual allegations regarding the amount in controversy.  *See id.*  According to the Notice of Removal, Macaulay sent Defendants a pre-suit settlement demand for $750,000, claiming that her medical bills alone already total $83,576.51 and that her lost wages are $8,300.  Doc. 1 at ¶ 4.  The Notice of Removal also observes that Macaulay seeks to recover the "substantial expense" of her medical treatment as well as past and continuing "pain, suffering, inconvenience, impaired mobility, impaired activities of daily living,

4

the ordinary emotional distress that goes with a serious fall and her resulting injuries, ongoing pain, loss of quality of life and inconvenience." *Id.* (citing Doc. 4 at ¶ 21). These factual statements are sufficient to assert a "plausible allegation" that the amount in controversy exceeds $75,000, especially since Macaulay has not disputed any of Defendants' facts. *See Dart Cherokee*, 574 U.S. at 89. And even if Macaulay had challenged whether this case meets the jurisdictional minimum for diversity jurisdiction, Defendants have established the required amount by a preponderance of evidence. *See Baker v. Fangio Enterprises, Inc.*, 2018 WL 2316030, at *2 (E.D. Mo. May 22, 2018) (denying remand) (a settlement letter is not dispositive but is one factor for a court to consider in assessing the amount in controversy); *Schmidt v. Flesch*, 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006) (denying remand) (considering past and future medical damages, as well as lost wages in determining the amount in controversy).

### IV.  Conclusion

Macaulay's contention that Defendants must provide evidentiary proof of diversity jurisdiction in their Notice of Removal is erroneous. The Court finds that Defendants provided "plausible allegations" of diversity jurisdiction in their Notice of Removal. Further, Defendants provided wholly-unrefuted evidence supporting their jurisdictional allegations along with their response to Macaulay's Motion. Accordingly, the Court denies Macaulay's Motion to Remand. Doc. 10.

So Ordered this 6th day of August 2021.

*[signature: SL R. CR]*
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE